**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA**

| | |
|---|---|
| **TERESE KENDRICK** | ) |
| **MELISSA CISNEROS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO. 1:19-CV-4537** |
| | ) |
| **COURTYARD BY MARRIOTT** | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-634; 28 U.S.C. §§ 1331 and 1343 and 1343 and Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

2. Plaintiff, Terese Kendrick, filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on August 22, 2019.

3. Plaintiff, Melissa Cisneros, filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on August 26, 2019.

## PARTIES

4.  Plaintiff, Terese Kendrick, is an African-American female over the age of forty years old who suffers from a disability and at all relevant times they resided in the Southern District of Indiana.

5.  Plaintiff, Melissa Cisneros, is an African-American female over the age of forty years old and at all relevant times they resided in the Southern District of Indiana.

6.  Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## COUNT I: TERESE KENDRICK

1.  Plaintiff incorporates by reference paragraphs 1-6.

2.  Plaintiff, Terese Kendrick, began working for the Defendant in July 2017.

3.  Plaintiff performed her job well.

4.  In October 2018, Defendant's manager used word "nigger" in Plaintiff's presence.

5.  Defendant's manager decreased Plaintiff's hours and gave Plaintiff's hours to a younger Hispanic non-disabled employee.

6.  On December 11, 2018, Plaintiff contacted Defendant's Human Resources and stated that Defendant's manager was treating the African American older employees less favorably than the other employees. Defendant's Human Resources never responded to Plaintiff's complaint.

7.  On December 22, 2018, Plaintiff was terminated allegedly for misconduct. Plaintiff never did anything that could amount to misconduct.

8.  A similarly situated younger Caucasian non-disabled employee has cursed at other employees and Plaintiff; however, she was not terminated.

9.   A similarly situated younger Caucasian non-disabled employee engaged in conduct of comparable seriousness, but they have not been terminated.

10. Defendant, as a result of terminating Plaintiff due to her disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

11. Defendant, as a result of terminating Plaintiff due to her age, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-634; 28 U.S.C. §§ 1331 and 1343 and 1343.

12. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

13. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

14. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

15. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

16. Defendant, as a result of decreasing Plaintiff's hours due to her race, violated Title VII 42 U.S.C. § 2000 et al.

17. Defendant, as a result of decreasing Plaintiff's hours due to her race, violated 42 U.S.C. § 1981.

**COUNT II: MELISSA CISNEROS**

18. Plaintiff incorporates by reference paragraphs 1-6.

19. Plaintiff began working at Defendant in April 2018 as the housekeeping supervisor.

20. In October 2018, Defendant's manager said the word "nigger" in Plaintiff's presence.

21. In December 2018, Plaintiff was informed that a Caucasian woman would become her supervisor as she was now the Head Supervisor of Housekeeping.

22. Plaintiff was in essence demoted.

23. On or about December 9, 2018, Terese Kendrick ("Kendrick") asked Plaintiff if it was OK for Kendrick to submit information to HR of Defendant's managers treating Black employees less favorably than Caucasian and Hispanic employees.

24. Plaintiff informed Kendrick that she wanted Kendrick to include the information regarding Plaintiff in the email.

25. Kendrick informed Plaintiff that Kendrick would send the email on December 11, 2018.

26. On December 22, 2018, Plaintiff was terminated for allegedly failing to check Kendrick's rooms after she cleaned them. In addition, all three Black women who were mentioned in Kendrick's email were terminated.  However, the younger Caucasian woman failed to check the rooms and failed to clean the rooms on several occasions, but she was not terminated.

27. A similarly situated younger Caucasian non-disabled employee engaged in conduct of comparable seriousness, but they have not been terminated.

28. Defendant, as a result of terminating Plaintiff due to her age, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-634; 28 U.S.C. §§ 1331 and 1343 and 1343.

29. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

30. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

31. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

32. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

33. Defendant, as a result of demoting Plaintiff's due to her race, violated Title VII 42 U.S.C. § 2000 et al.

34. Defendant, as a result of demoting Plaintiff's due to her race, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.  Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff her cost in this action and reasonable attorney fees;

E.  Grant Plaintiff any other relief which is allowable under the circumstances of
this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416